UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERBERT BURGESS,

                       Plaintiff,

                                                            9: 05-CV-0142
v.                                                         (GLS)(DEP)

GLENN S. GOORD; LUCIEN J. LECLAIRE; EDWARD
J. MCSWEENEY; THOMAS EAGEN; JACK ALEXANDER;
KEITH DUBRAY; KENNETH MCLAUGLIN; *et al.*;

                       Defendants.
_____

APPEARANCES:

HERBERT BURGESS, 93-A-3237
Plaintiff, *pro se*
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York 12953

GARY L. SHARPE, DISTRICT JUDGE

## ORDER

The plaintiff Herbert Burgess ("Burgess") commenced this action by filing a complaint. Docket no. 1. Along with his complaint, Burgess submitted a motion for injunctive relief. See Dkt. No. 4. By Order of this Court filed March 7, 2005 ("March 7 Order"), Burgess was directed to file an amended complaint in this action. Dkt. No. 6. The March 7 Order also denied Burgess's motion for injunctive relief. *Id.* Thereafter, Burgess filed the amended complaint in accordance with the March 7 Order. See Dkt. No. 7. By Order of this Court filed March 22, 2005 ("March 22 Order"), Burgess's amended complaint was accepted for filing with the Court and the Court directed service of process

upon the defendants.[1]

Presently before the Court is Burgess's request for reconsideration of that part of the March 7, 2005 Order which denied Burgess's first motion for injunctive relief. Dkt. No. 10 and 11. Plaintiff has also filed a second motion for injunctive relief. Dkt. No. 13. As part of his motion for reconsideration, Burgess also asks that the Court to direct that certain video-tapes from Upstate Correctional Facility be ordered preserved for use as future evidence. See Dkt. No. 10 at 1-2; Dkt. No. 11, Affidavit at 1-2. Burgess's request to preserve video-tape evidence will be addressed as a separate request.

I. **Motion for reconsideration**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. Delaney v. Selsky, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.), cert. denied, 464 U.S. 864 (1983)).

In support of his motion for reconsideration, Burgess contends that the Court should reconsider the denial of his first motion for injunctive relief because Burgess is in constant danger of being assaulted by other inmates and being retaliated against by prison guards on account of the grievances and complaints filed by Burgess. Dkt. No. 10 at 1-2.

Plaintiff's first request for injunctive relief was denied because Burgess's original

---

[1] To date, it does not appear that any of the defendants have been served.

complaint was found to be deficient. Dkt. No. 6 at 6. The Court advised Burgess that, without a valid complaint before the Court, the Court was unable to determine whether Burgess met the requirements for granting of injunctive relief, namely whether Burgess's claims had a likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. See Dkt. No. 6 at 6.

Following the denial of the first motion, Burgess submitted an amended complaint to the Court which was accepted for filing. See Dkt. No. 8. In the interest of justice, and because plaintiff is proceeding *pro se* and now has a valid complaint before the Court, the Court will grant plaintiff's request for reconsideration of his first motion for injunctive relief. Because Burgess's first motion for injunctive relief is substantially similar to his second, newly filed, motion for injunctive relief, the Court will review the two motions jointly.

## II.     Motions for injunctive relief

The Court has reviewed the amended complaint (Dkt. No. 7) in conjunction with plaintiff's first request for injunctive relief (Dkt. No. 4) and his second request for injunctive relief (Dkt. No. 13). After reviewing these submissions, the Court finds that, for the following reasons, Burgess's requests for injunctive relief must be denied.

By his motion, Burgess claims that he is in constant physical pain from injuries suffered when he was assaulted by other prisoners as well as from an existing medical condition which requires surgery. Despite this constant pain, Burgess claims that he is not receiving proper medical care. Dkt. No. 4, Memorandum of Law at 3-6; Dkt. No. 13, Memorandum of Law at 1-3. Plaintiff also alleges that as a result of defendant Anctil labeling Burgess a "snitch", Burgess is threatened with irreparable harm in the form of

repeated assaults by other inmates. Dkt. No. 4, Memorandum of Law at 12-13; Dkt. No. 13, Memorandum of Law at 1-3. Burgess seeks immediate transfer to Clinton Correctional Facility, or another safer facility, so that he can be protected from future assaults and receive appropriate medical care.[2] Dkt. No. 4, Order to Show Cause at 4; Dkt. No. 13, Order to Show Cause at 2.

"The standard in this Circuit for securing preliminary injunctive relief is well established. The movant carries the heavy burden of showing (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Subaru Distributors Corp. v. Subaru of America*, 47 F. Supp.2d. 451, 460 (S.D.N.Y. 1999) (citing *Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 142 (2d Cir.1997); *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33 (2d Cir.1995); *Jackson Dairy, Inc. v. H.P. Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979) (per curiam )). Moreover, "[t]he award of a preliminary injunction is an extraordinary and drastic remedy that will not be granted absent a clear showing that the

---

[2] By his second motion for injunctive relief, Burgess also claims that correctional officers at Upstate are denying him meals and stealing and destroying his property and legal work. Dkt. No. 13, Declaration at 3. Burgess is advised that the relief he seeks by way of injunction **must relate to the allegations contained in the underlying complaint**. See *Allen v. Brown*, No. 96-CV-1599, 1998 WL 214418, *4 (N.D.N.Y. Apr. 28, 1998) (adopting a magistrate judge's recommendation that the court deny a request for injunctive relief where allegations in the application were unrelated to claims asserted in the complaint and, thus, the plaintiff had "failed to establish either a likelihood of succeeding on the merits of his *underlying claim*, or sufficiently serious questions going to the merits of *such claim* and a balance of hardships tipping decidedly toward" the plaintiff (citations omitted)). Clearly, the allegations concerning denial of food trays and destruction of property, do not relate to the allegations contained in the underlying amended complaint. This portion of his motion is without merit.

plaintiff has met its burden of proof." *Subaru Distributors Corp.*, 47 F. Supp.2d. at 460 (citing *Beech-Nut, Inc. v. Warner-Lambert Co.*, 480 F.2d 801, 803 (2d Cir.1973); *Kraft General Foods, Inc. v. Allied Old English, Inc.*, 831 F.Supp. 123, 127 (S.D.N.Y.1993)).

### A.   Irreparable harm

### 1.   Medical care claim

The Court notes that to establish irreparable harm in the context of a medical claim, plaintiff must "show that he has a medical condition which is likely to become significantly worse without some definite course of treatment." *See Hughes v. Wong*, No. 93-CV-746 (N.D.N.Y. Oct. 27, 1994)(Di Bianco, M.J.) (citing *Garcia v. Arevalo*, 1994 WL 38238, No. 93 CIV. 8147 (S.D.N.Y. Jun. 27, 1994). Mere differences of opinion between laymen and physicians about medical treatment are insufficient to give rise to an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Burton v. DOCS*, 1994 WL 97164, No. 93 CIV. 6028 (S.D.N.Y. Mar. 21, 1994).

Burgess has not submitted **any medical documentation** which suggests in any way that his condition will become significantly worse without the relief requested herein. Plaintiff has only provided his own affidavit describing his medical problems and alleging that he is receiving inadequate or no medical treatment for his injuries. Since plaintiff has not offered documentation that demonstrates that he suffers from an illness or injury that will become significantly worse unless the injunctive relief requested herein is granted, plaintiff has failed to establish irreparable harm concerning this part of his application.

### 2.   Threat of assault and retaliation

Burgess claims that if he stays at his current correctional facility, he will be

subjected to future assaults by other inmates and denied adequate medical care in deliberate indifference to his serious medical needs. Allegations of future injury without more do not establish a real threat of injury. *Gibson v. Walker*, 95-CV-1649, (N.D.N.Y. December 7, 1995) (Di Bianco, M.J.) (citing *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238 (S.D.N.Y. June 27, 1994)). Burgess's contention of future assaults and future denial of medical care, without more, are too speculative to establish irreparable harm.

### 3. Transfer

Burgess seeks transfer to Clinton Correctional Facility or another safe facility so that he can be better protected from harm and receive adequate medical care. However, because Burgess has no liberty interest in being housed in a particular facility, he has not demonstrated irreparable harm in this regard. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (an inmate does not have a right to be confined to the prison of his own choosing); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (inmate has no liberty interest in avoiding administrative segregation from the general population); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (inmate has no right to a particular security classification).

### B. Likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the plaintiff

Even if Burgess could establish irreparable harm, a party is not entitled to injunctive relief unless there is also proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino*, 967 F.2d at 77.

In the present case, the plaintiff has submitted only his own affidavits and memoranda of law containing his requests for injunctive relief and the reasons why he believes his request should be granted.  The Court finds that Burgess has failed to demonstrate to the satisfaction of this Court that he has either a likelihood of succeeding on the merits of his claims or sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him.

Since Burgess failed to establish either of the two requisite elements discussed above, his requests for injunctive relief (Dkt. Nos. 4 and 13) are denied.

### III.  Request to preserve video-tape evidence

Burgess asks that the Court to direct that the video tapes from the video monitors in 11 Building - Upper B Gallery be preserved from the dates of March 14 through 31, 2005 and February 1 through 28, 2005 for future review by the Court as evidence to show that correctional officers were denying Burgess his meal trays and falsely reporting that Burgess refused to accept the trays.  See Dkt. No. 10 at 2; see also Dkt. No. 11 at 2.

As a general rule, "anyone who anticipates being a party or is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary. 'While a litigant is under no duty to keep or retain every document in its possession ... it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request.'" Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (citing Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 72 (S.D.N.Y. 1991) (other citation omitted).

7

Burgess's request to have defendants preserve evidence which would establish that Burgess was denied meal trays by correctional officers at Upstate in February and March 2005 is not related to the claims contained in Burgess's amended complaint. The amended complaint contains allegations relating to deliberate indifference to Burgess's serious medical needs and personal safety. Nowhere in the amended complaint does Burgess allege that he was denied food trays. Accordingly since the video-tapes, which allegedly show that Burgess was denied food trays, are not relevant to Burgess's underlying claims and are not likely to lead to the discovery of admissible evidence, Burgess's request that the Court order these tapes to be preserved is denied.

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's motion for reconsideration (Dkt. No. 10) is **GRANTED** but after reconsideration, Burgess's first motion for injunctive relief (Dkt. No. 4) is **DENIED**, and it is further

**ORDERED**, that Burgess's second motion for injunctive relief (Dkt. No. 13) is **DENIED**, and it is further

**ORDERED**, that Burgess's request for preservation of video-tape evidence is **DENIED** for the reasons set forth above, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated:   June 15, 2005
         Albany, New York

*[signature]*
Gary L. Sharpe
U.S. District Judge

8